UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JORGE (GEORGE) RUIZ,

                Plaintiff,

-against-

                                    03 CV 1489 (LDW) (ETB)

MAAN SALUJA, BAGNATO REALTY        **SETTLEMENT AGREEMENT**
SERVICES, LLC, NAI LONG ISLAND INC.,    **AND ORDER**
TIMOTHY STAPLETON, PARK AVENUE
BEACH ASSOCIATES, SATNAM SARNA,
and RAJINDER S. UPPAL,

                Defendants.
------------------------------------------------------------X

      **WHEREAS**, in or about March, 2003 Plaintiff Jorge Ruiz (hereafter "Plaintiff") commenced, in the United States District Court for the Eastern District of New York, with the filing of a summons and complaint, the action *Jorge (George) Ruiz v. Maan Saluja, Bagnato Realty Services, LLC, Nai Long Island Inc., Timothy Stapleton, Park Avenue Beach Associates, Satnam Sarna, and Rajinder S. Uppal* under Index Number 03 CV 1489; and

      **WHEREAS**, in or about October 2003, Defendants answered Plaintiff's complaint, denied the allegations therein and asserted various affirmative defenses; and

      **WHEREAS**, all parties are desirous of resolving the issues and controversies arising out of this matter whether known, unknown, asserted or pending, liquidated or contingent without the need for, or expense of, further litigation and without any admission of liability or wrongdoing; and

      **WHEREAS**, the parties have reached a settlement in this matter,

      **NOW THEREFORE**, and in consideration of the terms, covenants, undertakings and

conditions contained in this agreement and intending to be legally bound, it is hereby stipulated and agreed by and between the parties to this action that:

## I.
## PARTIES

1. Plaintiff, Jorge Ruiz ("Plaintiff") is an individual residing at 35 East Broadway, Apartment 6L, Long Beach, in the County of Nassau, State of New York.

2. Defendants Maan Saluja, Satnam Sarna, Rajinder Uppal are the individuals who comprised the Defendant Park Avenue Beach Associates partnership, located at 20 West Park Avenue, Long Beach, County of Nassau, State of New York.

3. Defendant, Timothy Stapleton is the individual and a property manager previously employed by Bagnato Realty Service, LLC and NAI Long Island, Inc. having had an address at One Expressway Plaza, County of Nassau, State of New York.

4. Steven E. Losquadro ("Losquadro") is an attorney at law duly admitted and authorized to practice law before the United States District Court for the Eastern District of New York and is the Guardian *ad litem* appointed by this Court for the Plaintiff having an office at 649 Route 25A, Rocky Point, NY 11778.

5. The Plaintiff, Defendants, and Losquadro shall be referred to herein as the "Parties".

## II.
## AUTHORITY

6. The parties stipulate and agree that Losquadro is, in accordance with his appointment as guardian *ad litem* by Magistrate Judge E. Thomas Boyle, duly authorized to act upon the Plaintiff's behalf and is duly authorized to execute this settlement and to bind Plaintiff in accordance with the terms, covenants, undertakings and conditions contained in this agreement.

7. Plaintiff, for himself, his heirs, executors, administrators, successors and assigns,

2

stipulate and agree to indemnify and hold harmless the Defendants and Defendants' counsel against any and all claims made by the Plaintiff, Plaintiff's agents, representatives and/or estate or any other entity or individual claiming rights through or derived through or from Plaintiff in connection with or challenging the validity of this agreement.

## III.
## SETTLEMENT AMOUNT

8. Defendants shall pay Plaintiff and Plaintiff agrees to accept the sum of $127,103, (One Hundred Twenty-Seven Thousand One Hundred and Three Dollars) in full and final satisfaction of this action and all claims and/or matters against the Defendants including all damages, costs and fees. This sum of $127,103 shall constituted as non-employee compensation.

9. Plaintiff acknowledges that $15,000 (Fifteen Thousand Dollars) of the amount stated in paragraph 8 has already been paid by Defendants to Plaintiff.

10. The remaining $112,103 (One Hundred Twelve Thousand One Hundred Three Dollars) shall be paid to Plaintiff in three installments over a three year period:

   a. The first installment of $37,368 (Thirty Seven Thousand Three Hundred Sixty Eight Dollars) shall be paid <u>within 45 days</u> of the receipt by the firm of Walsh Markus McDougal & DeBellis, LLP of this fully executed and so-ordered settlement agreement and executed stipulation of discontinuance; along with a fully executed general release;

   b. The second installment of $37,368 (Thirty Seven Thousand Three Hundred Sixty Eight Dollars) shall be paid on or before: March 31, 2009 or the first anniversary date of the first installment payment, whichever date is later; and

   c. The last installment of $36,667 (Thirty Six Thousand Six Hundred Sixty Seven Dollars) shall be paid on or before: March 31, 2010 or the second anniversary date

3

of the first installment payment, whichever is later.

11. Defendants shall forward all installment payments to Defendants' counsel. Following Defendants' counsel's receipt of Defendant's installment payments, Defendants' counsel shall deposit said installments in their escrow account and issue a draft, from said escrow account, made payable to Jorge Ruiz and Steven E. Losquadro, as Guardian and deliver to Losquadro at: Steven E. Losquadro, Esq., 649 Route 25A, Suite 4, Rocky Point, New York 11778. Plaintiff shall not be entitled to any interest.

12. Simultaneously with the execution of this agreement, Plaintiff shall execute a general release in the form attached as Exhibit A hereto, releasing any all claims against the Defendants. Plaintiff shall also execute, simultaneously with the execution of this agreement, a stipulation of discontinuance with prejudice. The Plaintiff's counsel shall cause the settlement agreement and stipulation of discontinuance to be so-ordered. Plaintiff's counsel shall file the executed stipulation of discontinuance within 14 days after the receipt of the initial installment draft in the amount of $37,368 (Thirty Seven Thousand Three Hundred Sixty Eight Dollars).

13. The executed settlement agreement, and release shall be held in escrow by counsel for Defendants, pending Defendants' counsel's receipt of the final installment of $36,667 (Thirty Six Thousand Six Hundred Sixty Seven Dollars).

## IV.
## No Admission

14.. This Agreement shall not be construed as an admission by the within defendants that any of them acted wrongfully with respect to the plaintiff or any other entity or person, or at all, or that the plaintiff has or had any claims whatsoever against any of the within defendants. The within defendants specifically disclaim any liability to, and deny any wrongful acts against the plaintiff.

15. Plaintiff, for himself, his heirs, executors, administrators, successors and assigns, and Losquadro as guardian agree not to commence or continue any action, claim, or proceeding against the Defendants or testify or participate in any proceeding, action, or claim arising out of, or in any way related to, or resulting directly or indirectly from the facts and circumstances described in the plaintiff's complaint or any action for any unpaid or improperly assessed taxes unless required to by court order or subpoena.

## V.
## Release

16. In consideration of the payment(s) set forth this Agreement, plaintiff for himself, his heirs, executors, administrators, successors and assigns and Losquadro as guardian hereby fully and forever release, acquit, and discharge the within defendants, their officers, agents and employees, successors, assigns and insurers from any and all claims, demands, judgments, damages, expenses, actions, and causes of actions, and all other claims or losses resulting directly or indirectly form the facts and circumstances described in the plaintiff's complaint.

17. It is further agreed that plaintiff is solely responsible for any and all taxes imposed upon the settlement payment(s) set forth this Agreement. Defendants shall issue a separate 1099 Form to Plaintiff c/o Plaintiff's Guardian Steven E. Losquadro, 649 Route 25A, Suite 4, Rocky Point, New York 11778 for each installment paid in years 2008, 2009 and 2010. Plaintiff shall file taxes on the settlement proceeds in accordance with his 1099 designation and shall not contest this designation with the IRS or the New York Department of Taxation. Plaintiff, for himself, his heirs, executors, administrators, successors and assigns, agree to defend and indemnify Defendants and Defendants' counsel against any and all tax proceedings by any taxing authority arising out of the payment(s) set forth in this Agreement

18. It is further agreed that the payment(s) set forth in this Agreement are inclusive of any and all attorneys' fees, or other costs, expenses, disbursements, commissions and/or other fees incurred by, or required to be paid by, plaintiff in connection with this litigation. The parties agree that the Defendants shall not be responsible for any attorney fees, costs, expenses, disbursements and/or other fees incurred by Plaintiff in connection with or in any way related to this litigation. Plaintiff's counsel represents that legal representation provided to Plaintiff in this litigation was free of charge and that Plaintiff will be not charged with any attorneys' fees, costs, expenses, disbursements and/or other fees incurred by Plaintiff's counsel in connection to this litigation. It is agreed that Plaintiff is solely responsible for any and all attorneys' fees, costs, expenses, disbursements and/or other fees incurred by plaintiff in connection with this litigation. Plaintiff, for himself, his heirs, executors, administrators, successors and assigns, agree to defend and indemnify Defendant and Defendant's counsel against any and all claims for attorney fees, or other costs, expenses, disbursements commissions or other fees incurred by, or required to be paid by Plaintiff, in connection with this litigation.

19. Plaintiff, Plaintiff's counsel and Losquadro as guardian represent that they are not aware of any liens upon the settlement proceeds. Plaintiff, for himself, his heirs, executors, administrators, successors and assigns agree to indemnify and hold the defendants and Defendants' counsel harmless from any and all liens, known or unknown including but not limited to any and all medical liens, attorney liens, and any other lien arising out of or in any way related to or in any way resulting either directly or indirectly from the facts and circumstances alleged in the plaintiff's complaint.

## VI.
## Stipulation of Dismissal

20. Counsel for the plaintiff will execute a stipulation of discontinuance and any other document(s) required by the Court or otherwise to effectuate the dismissal of the Action, with prejudice and without costs.

21. This Agreement embodies the entire agreement and understanding among the parties hereto with respect to the subject matter hereof, and may be changed, waived, discharged or terminated only by an instrument in writing signed by the party against whom enforcement of such change, waiver, discharge or termination is sought.

## VII.
## Confidentiality

22. In consideration of the payment set forth in this Agreement, the parties and their attorneys covenant and agree that the terms and conditions involved in the resolution and settlement of the matters in controversy shall forever remain confidential. Therefore, it is agreed that neither the parties nor their attorneys, agents, employees, or accountants will disclose, directly or indirectly, the terms or conditions of settlement negotiations, this settlement, or the amount of consideration paid (either specifically or as a range) except as required by court order, or if such disclosure is made to one of the party's accountants, auditors or lawyers. Any such confidants will be informed of and bound by this confidentiality agreement. No disclosure shall be made to these third-parties unless they stipulate and agree in writing to be bound by this Article VII. It is further agreed by the parties and their attorneys that the obligations imposed herein by this paragraph are ongoing, and shall survive the consummation of the settlement, and the parties and their attorneys consent to the continuing jurisdiction of the Court in which this action was brought in connection with the enforcement of this paragraph.

7

## VIII.
## Severability

23. The provisions of this Agreement are severable, and if any one or more provisions are deemed to be illegal, invalid or otherwise unenforceable, in whole or in part, the remaining provisions, or portions thereof, to the extent, legal, valid or enforceable, shall nevertheless be binding and enforceable.

## IX.
## No Representations

24. In executing this Agreement, the Plaintiff, Plaintiff's counsel, Losquadro are not relying upon any representation or statement made by any of the defendants, or by any of their agents, representatives or attorneys with respect to the subject matter, basis or effect of this Agreement or otherwise, other than those specifically stated in this Agreement. This Agreement sets forth the entire Agreement between the parties, and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter of this Agreement.

25. The Parties have read the foregoing Agreement and fully understand and agree to it.

## X.
## Counterparts

26. This Agreement may be executed in one or more counterparts, each of which shall be deemed as an original, but all of which, together, shall constitute one and the same instrument. This Agreement may be signed by facsimile.

27. This Agreement shall be construed as if all parties participated equally in its negotiation and drafting, and all parties agree that any ambiguity contained in any provision of this Agreement shall not be construed against any particular party to the Agreement by virtue of that party's role in the negotiation or drafting of the Agreement.

28. The Complaint in this matter is withdrawn and the action shall be, and the same hereby is, dismissed with prejudice, and without fees or costs to any party, except that this Court shall retain jurisdiction to enforce the terms of this agreement.

Dated: April 11, 2008
      Garden City, NY

| | |
|---|---|
| _____ | _____ |
| Steven Losquadro, Esq. | Jorge (George) Ruiz |
| 649 Route 25A, Suite 4 | By Steven Losquadro |
| Rocky Point, NY 11778 | as GAL |
| Guardian Ad Litem for Plaintiff | |

_____      _____
Maan Saluja                                   Bagnato Realty Services, LLC

Sworn to before me            Sworn to before me
this ___ day of _____, 2008     this ___ day of _____, 2008

_____      _____
Notary Public                                    Notary Public

_____      _____
Timothy Stapleton                          NAI Long Island Inc.

Sworn to before me            Sworn to before me
this ___ day of _____, 2008     this ___ day of _____, 2008

_____      _____
Notary Public                                    Notary Public

_____      _____
Satnam Sarna                              Park Avenue Beach Associates

28. The Complaint in this matter is withdrawn and the action shall be, and the same hereby is, dismissed with prejudice, and without fees or costs to any party, except that this Court shall retain jurisdiction to enforce the terms of this agreement.

Dated: April 11, 2008
       Garden City, NY

_____
Steven Losquadro, Esq.
649 Route 25A, Suite 4
Rocky Point, NY 11778
Guardian Ad Litem for Plaintiff

_____
Maan Saluja

Sworn to before me
this 29 day of May, 2008

MOHIBULLAH HUSSAINI
Notary Public, State of New York
No. 01HU6183492
Qualified in Queens County
Commission Expires March 17, 2012

_____
Notary Public

_____
Timothy Stapleton

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

_____
Satnam Sarna

_____
Jorge (George) Ruiz

_____
Bagnato Realty Services, LLC

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

_____
NAI Long Island Inc.

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

_____
Park Avenue Beach Associates

9

28. The Complaint in this matter is withdrawn and the action shall be, and the same hereby is, dismissed with prejudice, and without fees or costs to any party, except that this Court shall retain jurisdiction to enforce the terms of this agreement.

Dated: April 10, 2008
      Garden City, NY

---
Steven Losquadro, Esq.
649 Route 25A, Suite 4
Rocky Point, NY 11778
Guardian Ad Litem for Plaintiff

---
Jorge (George) Ruiz

---
Maan Saluja

---
Bagnato Realty Services, LLC

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

_____
Timothy Stapleton

Sworn to before me
this 15th day of April, 2008
SUSAN E.F. CONGERO
NOTARY PUBLIC, State Of New York
No. 30-4516118
Qualified In Nassau County
Commission Expires Aug. 30, 20 10
Notary Public

---
NAI Long Island Inc.

Sworn to before me
this 15th day of April, 2008
SUSAN E.F. CONGERO
NOTARY PUBLIC, State Of New York
No. 30-4516118
Qualified In Nassau County
Commission Expires Aug. 30, 20 10
Notary Public

---
Satnam Sarna

---
Park Avenue Beach Associates

Sworn to before me
this 15th day of April, 2008
SUSAN E.F. CONGERO
NOTARY PUBLIC, State Of New York
No. 30-4516118
Qualified In Nassau County
Commission Expires Aug. 30, 20 10
Notary Public

9

28. The Complaint in this matter is withdrawn and the action shall be, and the same hereby is, dismissed with prejudice, and without fees or costs to any party, except that this Court shall retain jurisdiction to enforce the terms of this agreement.

Dated: April 11, 2008
      Garden City, NY

_____
Steven Losquadro, Esq.
649 Route 25A, Suite 4
Rocky Point, NY 11778
Guardian Ad Litem for Plaintiff

_____
Jorge (George) Ruiz

_____
Maan Saluja

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

_____
Bagnato Realty Services, LLC

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

_____
Timothy Stapleton

Sworn to before me
this ___ day of _____, 2008

_____
*[signature]*
Satnam Sarna
Notary Public

_____
NAI Long Island Inc.

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

_____
Park Avenue Beach Associates

Sworn to before me                                  Sworn to before me
this ___ day of _____, 2008                    this ___ day of _____, 2008

_____                             _____
Notary Public                                       Notary Public

*[signature]*
_____
Rajinder Uppal

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

*[signature]*                                       *[signature]*
_____                             _____
Haeyoung Yoon                                       Claudio DeBellis, Esq.
Washington Square Legal Services, Inc.              Walsh Markus McDougal & DeBellis, LLP
245 Sullivan Street, 5th Floor                      229 Seventh Street, Suite 200
New York, NY 10012                                  Garden City, NY 11530
Attorney for Plaintiff                              Attorney for Defendants

SO-ORDERED on this 5TH day of
AUGUST, 2008

*[signature]*
~~E. Thomas Boyle~~   LEONARD D. WEXLER
~~United States Magistrate Judge~~   USDJ
United States District Court        CENTRAL ISLIP, NY
Eastern District of New York

11